IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
2010 SEP 17  P 2 01
U.S. DISTRICT
N.D. OF ALABAMA

| | |
|---|---|
| **REGINALD M. ROWSER, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV-10-AR-2534-S |
| | ) |
| **UNITED STUDENT AID FUNDS, INC.** | ) |
| **and SALLIE MAE, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S COMPLAINT

This is an action brought by the Plaintiff, Reginald M. Rowser, Jr., for actual and statutory damages, attorneys' fees, and costs for the Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA") and for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*(hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages, separately and severally, for the Defendants' violations of Alabama state law set forth herein.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1681(p), 15 U.S.C. § 1692k, and 28 U.S.C. § 1331. Venue is proper in that the Defendants transacted and were doing business here, and the Plaintiff resides here.

## PARTIES

2. The Plaintiff, Reginald M. Rowser, Jr. (hereinafter "Rowser" or "Plaintiff"), is a resident and citizen of the State of Alabama, and is over the age of twenty-one (21) years. Plaintiff is a resident of Anniston in Calhoun County, Alabama.

3. Defendant, United Student Aid Funds, Inc. (hereinafter "USA Funds") upon information and belief, is a Delaware corporation registered to do business in Alabama with the Alabama Secretary of State.

4. Defendant, Sallie Mae, Inc. (hereinafter "Sallie Mae") upon information and belief, is a Delaware corporation registered to do business in Alabama with the Alabama Secretary of State.

5. The Defendants, USA Funds and Sallie Mae, regularly do business in the State of Alabama and this District.

## FACTS

6. The Defendant, USA Funds, upon information and belief, extended credit in the form of five (5) student loans, account numbers 19293945592, 29293945592, 39293945592, 49293945592, and 59293945592, to Plaintiff's father, without Plaintiff's knowledge and/or authority.

7. Plaintiff avers that the monies borrowed were not used to pay for his education, books, or any other school related matters. Plaintiff further avers he had no access to said monies and was unaware that these monies were borrowed under his name.

8. Upon information and belief no payments have ever been made on the accounts, therefore said accounts became delinquent and due.

9. As a result, said accounts are reporting that Plaintiff is more than 120 days past due.

10. Upon information and belief, Defendant, Sallie Mae, purchased the loans from Defendant, USA Funds.

11. Plaintiff advised the Defendants that the debts were the result of fraud and forgery, and requested Defendants to provide any and all documentation supporting that the debt was Plaintiff's responsibility. Plaintiff also, included a certified Identification Theft form.

12. Further, Plaintiff advised the Defendants that they were reporting inaccurate and defamatory information to the credit reporting agencies and that the negative and inaccurate information was causing him damage. Plaintiff requested that the Defendants retract the inaccurate and defamatory information.

13. Defendants responded that the loan was accurate, continued to report the loans as the responsibility of the Plaintiff and continued to collect on the loans.

14. The Defendants continue to represent, to national credit bureaus and other third parties that the Plaintiff is indebted to the Defendants, that the Plaintiff is past due on said accounts, and that Plaintiff has not made timely payments.

15. Such statements are false and were false at the time made in that the Plaintiff never authorized, opened or used such accounts, never was indebted to the Defendants on such accounts, and never was late or past due on such accounts, because said accounts were not the responsibility of the Plaintiff..

16. Plaintiff has been damaged in that these false statements are being made to the national credit bureaus damaging Plaintiff's credit reputation, associating Plaintiff with a past due debt, and a debt that has a history of being past due.

17. As a result of the defamatory and inaccurate negative reporting and actions of the Defendants, Plaintiff has been caused to lose credit opportunities that would have reduced his financial obligations, to suffer mental anguish, physical sickness such as stress, nausea, lack of sleep and nervousness. Plaintiff further has been caused to incur time, trouble, aggravation and out of pocket expenses to attempt to correct his credit reports and clear his name from the inaccurate information related to these accounts.

## COUNT ONE
## FAIR CREDIT REPORTING ACT

18. Plaintiff adopts the averments and allegations of Paragraphs 1 through 17 above as if fully set forth herein.

19. The acts and omissions of the Defendants alleged herein are in violation of the FCRA which requires the Defendants to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit files; and which requires the Defendants to conduct reasonable investigations of disputed information once consumers, such as Plaintiff, advise of a dispute.

20. The Plaintiff further alleges that the Defendants failed to conduct reasonable investigations into Plaintiff's disputes, failed to retract, delete and/or suppress

erroneous, false, damaging, misleading, or inaccurate information from Plaintiff's credit file.

21. Despite the Plaintiff's disputes and in direct violation of FCRA, the Defendants failed to correct inaccurate, erroneous, and defamatory information on the Plaintiff's credit reports

22. The Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiff disputed the information Defendants provided to the consumer reporting agencies.

23. The Defendants violated 15 U.S.C. § 1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by each consumer reporting agency.

24. The Defendants violated 15 U.S.C. § 1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under § 1681s-2(b)(1) within thirty (30) days.

25. The Defendants violated 15 U.S.C. § 1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to the consumer reporting agencies.

26. The Defendants violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the accounts were inaccurate, incomplete, false and/or misleading.

27. As a result of the above mentioned conduct, Plaintiff suffered the damages set out in Paragraphs 16 and 17 above which are incorporated herein by reference.

28. Further as a result of the willful and/or reckless disregard for the Plaintiff's rights, the Defendants are liable for punitive damages.

## COUNT TWO
## FAIR DEBT COLLECTIONS PRACTICES ACT

29. Plaintiff adopts the averments and allegations of Paragraphs 1 through 28 above as if fully set forth herein.

30. The Defendants have engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiff.

31. The Defendants violated § 1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

32. The Defendants violated § 1692c(b) by communicating with a third party without the Plaintiff's consent.

33. The Defendants violated § 1692c(c) by continuing to communicate with the Plaintiff after receiving notice that the Plaintiff did not owe and refused to pay the debt or requested that the Defendants cease all further communications.

34. The Defendants violated § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in the following ways:

    a. By using language the natural consequence of which is to abuse the hearer in violation of § 1692d(2).

    b. By repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce him into paying a debt in violation of § 1692d(5).

35. The Defendant violated § 1692e(8) by making false representations regarding the character, amount, and/or legal status of the alleged debt.

36. The Defendants additionally violated § 1692e(8) by communicating to a third person credit information which was known or which should have been known to be false and further failed to communicate that said debt was disputed.

37. The Defendants used false representations and/or deceptive means to collect or attempt to collect a debt in violation of § 1692e(10) by reporting damaging and inaccurate information to credit bureaus.

38. The Defendants violated § 1692f by using unfair and/or unconscionable means to attempt to collect a debt by reporting damaging and inaccurate information to credit bureaus in an attempt to coerce payment of a debt.

39. The Defendants violated § 1692g(b), by failing to cease collection of the debt, or any disputed portion thereof, after receiving written notification from the Plaintiff that the debt was disputed.

40. As a proximate result of the Defendants' actions in violation of the FDCPA, Plaintiff suffered the damages set out in Paragraphs 16 and 17 above which are incorporated herein by reference.

## COUNT THREE
## INVASION OF THE RIGHT OF PRIVACY

41. Plaintiff adopts the averments and allegations of Paragraphs 1 through 40 above as if fully set forth herein.

Case 2:10-cv-02534-WMA Document 1 Filed 09/17/10 Page 8 of 15

42. The Defendants undertook and/or directed a series of communications to the home of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama.

43. The Defendants intruded into the Plaintiff's physical solitude by making communications to the Plaintiff's home after repeated requests that the Defendants no longer contact him and after being repeatedly informed that Plaintiff was not responsible for any monies owed to the Defendants.

44. Said communications were made in disregard for the Plaintiff's right to privacy.

45. Said communications and invasions were intentional, willful, and/or malicious, were systematic and continuous in number, and were made to force, coerce, harass, frighten, embarrass, and/or humiliate the Plaintiff into paying a debt he was not responsible for.

46. As a proximate result of said invasion of the right of privacy, the Defendants have caused the Plaintiffs to suffer worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, and/or anguish for which the Plaintiff seeks compensatory and punitive damages against the Defendants, separately and severally.

## COUNT FOUR
## PLACED IN A FALSE LIGHT

47. Plaintiff adopts the averments and allegations of Paragraphs 1 through 46 above as if fully set forth herein.

48. The Defendant, USA Funds, created accounts known as account numbers 19293945592, 29293945592, 39293945592, 49293945592, and 59293945592 in the Plaintiff's name and reported such accounts as belonging to the Plaintiff.

49. The Defendants held the Plaintiff up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff by either speaking or writing undesirable and negative character and credit reputation remarks about the Plaintiff in the national credit reporting media and/or other third parties including collectors.

50. Said undesirable and negative character and credit reputation remarks were offensive, untrue and inaccurate, and alleged the Plaintiff was in debt to the Defendants, and owed money to the Defendants, and/or had a bad debt with the Defendants.

51. The Defendants knew or should have known that Plaintiff was not responsible for the accounts and disputed the accounts, and that Plaintiff asserted the accounts were fraudulent accounts. The Defendants knew or should have known this at the times they published such untrue and negative information.

52. The conduct of the Defendants was objectionable to the Plaintiff and to any reasonable person. The Defendants' actions were willful, reckless, wanton, and/or made with malice and resulted in the Plaintiff being unreasonably placed in a false light.

53. As a proximate cause of the Defendants' conduct, the Plaintiff was caused to have negative credit reports, was subjected to collection calls and activities, and was

made to suffer worry, public shame and humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, fear, fright and/or anguish for which Plaintiff seeks compensatory and punitive damages against the Defendants, separately and severally.

## COUNT FIVE
## DEFAMATION: LIBEL AND SLANDER

54. Plaintiff adopts the averments and allegations of Paragraphs 1 through 53 above as if fully set forth herein.

55. The Defendants willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff.

56. Said communications were false in that Plaintiff was not indebted to the Defendants, Plaintiff was not obligated to the Defendants, and Plaintiff was not responsible for the accounts.

57. Said false and defamatory statements were communicated to credit reporting agencies, and/or other third parties.

58. At the time said communications were made, the Defendants knew or should have known the falsity of the communication, or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and/or maliciously communicated the falsity to another person and/or entity.

59. Said false and defamatory statements have harmed the Plaintiff's credit reputation, subjected the Plaintiff to collection efforts by attorneys and/or collectors, and deterred third persons from associating with the Plaintiff.

60. Said communications were oral and/or written.

61. As a proximate consequence of said defamation, libel and slander, the Plaintiff was caused to have negative credit reports, was subjected to collection calls and activities, and was made to suffer worry, public shame and humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, fear, fright and/or anguish for which Plaintiff seeks compensatory and punitive damages against the Defendants, separately and severally.

## COUNT SIX
## NEGLIGENT, RECKLESS AND/OR WANTON CONDUCT

62. Plaintiff adopts the averments and allegations of Paragraphs 1 through 61 above as if fully set forth herein.

63. Defendants negligently, recklessly, and/or wantonly extended credit to an individual, who fraudulently used the identity of the Plaintiff. Defendants further allowed the theft and fraudulent use of Plaintiff's identity.

64. Defendants negligently, recklessly, and/or wantonly failed to properly investigate Plaintiff's dispute that he was not responsible for the debt. By not properly investigating said dispute, Defendants negligently, recklessly and/or wantonly failed to remove Plaintiff's name in connection with the debt. This subjected Plaintiff to unnecessary credit collection and/or defamation.

65. Defendants negligently, recklessly and/or wantonly failed to adopt policies and procedures to govern its actions concerning the following:

a. The thorough investigation and resolution of consumer claims that accounts were fraudulently opened in the consumer's name and/or that accounts were fraudulently used, and to limit any damage caused to the victims of such fraud

b. To make certain that the information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus), is not false, neither libelous nor slanderous, and rises to the level of maximum accuracy.

c. To prevent the extension or granting of credit to individuals who fraudulently use the identity of others.

66. Defendants negligently, recklessly, and/or wantonly failed to train its employees on its practices, policies and/or procedures concerning the following:

a. The thorough investigation and resolution of consumer claims that accounts were fraudulently opened in the consumer's name and/or that accounts were fraudulently used, and to limit any damage caused to the victims of such fraud

b. To make certain that the information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus), is not false, neither libelous nor slanderous, and rises to the level of maximum accuracy.

c. To prevent the extension or granting of credit to individuals who fraudulently use the identity of others.

67. As a result of Defendants' negligent, reckless and/or wanton conduct the following occurred:

    a. Unauthorized credit was extended in Plaintiff's name;

    b. Plaintiff's identity was stolen and used; and

    c. False, embarrassing, odious, misleading and negative information concerning the Plaintiff was disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus).

68. As a proximate consequence of said negligent, reckless, willful and/or wanton conduct, the Plaintiff was caused to have negative credit reports, was subjected to collection calls and activities, and was made to suffer worry, public shame and humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, fear, fright and/or anguish for which Plaintiff seeks compensatory and punitive damages against the Defendants, separately and severally.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants as follows:

A. Declaratory judgment that each of the Defendants' conduct violated the FCRA;

B. Compensatory and punitive damages from each of the Defendants, separately and severally, for their violations of the FCRA;

C. Actual damages from the Defendants, separately and severally, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

D. Costs and reasonable attorney's fees from the Defendants pursuant to § 1681n(a)(3);

E. Declaratory judgment that each of the Defendants' conduct violated the FDCPA;

F. Actual damages from the Defendants, separately and severally, for their violations of the FDCPA;

G. Statutory damages from the Defendants, separately and severally, pursuant to 15 U.S.C. § 1692k;

H. Costs and reasonable attorney's fees from the Defendants pursuant to 15 U.S.C. § 1692k;

I. Compensatory and punitive damages against each of the Defendants, separately and severally, for the Plaintiff's State law claims in an amount to be determined by a jury.

J. Such other and further legal and equitable relief as this Court may deem just and proper.

_____
Charles J. Lorant (ASB-6465-o76c)

_____
Vincent F. Saylor (ASB-7638-i65-s)
Attorneys for the Plaintiff

OF COUNSEL:
GATHINGS LAW
2100 Third Avenue North, Suite 900
Birmingham, Alabama 35203
Phone: 205-322-1201
Fax: 205-322-1202
clorant@gathingslaw.com
vsaylor@gathingslaw.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

_____
Of Counsel

**SERVE DEFENDANTS VIA CERTIFIED MAIL:**

United Student Aid Funds, Inc.
c/o CSC LAWYERS INCORPORATING SVC INC
150 SOUTH PERRY ST
MONTGOMERY, AL 36104

Sallie Mae, Inc.
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104